El Pueblo de Puerto Rico, demandante y apelado, *v.* Emilio Almodóvar de Jesús, acusado y apelante.

No. 5204.—*Sometido:* Noviembre 23, 1933. *Resuelto:* Enero 26, 1934.

*José Veray, Jr.,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Emilio Almodóvar de Jesús interpuso esta apelación contra sentencia que lo condenó por delito de hurto menor subsiguiente.

El primer motivo alegado para su recurso es por haber permitido la corte inferior que un policía declarase sobre manifestaciones del acusado sin que estuviera conectado con el delito.

Después de probarse el *corpus delicti* puede permitirse evidencia de admisiones, manifestaciones o confesiones de un acusado; y en este caso no sólo estaba probado el *corpus delicti* con la declaración de Manuel López de que de su establecimiento le fueron sustraídos 300 cigarros con sus anillas y sin sellos de rentas internas, sino que también había sido presentada evidencia que relacionaba al acusado con esa sustracción, pues dos testigos declararon que al día siguiente el acusado ofreció en venta a uno de ellos cigarros que no le compró porque no tenían sellos de rentas internas; y otro testigo declaró que los cigarros sustraídos fueron fabricados para él por Manuel López, quien puso en su conocimiento la sustracción de ellos inmediatamente y le dijo que si iban a vendérselos los comprara para poder averiguar la sustracción y que al día siguiente de ella el acusado le ofreció en venta 300 cigarros con sus anillas y sin sellos de rentas internas, de los que le compró 200 por menos precio del que realmente tenían los cigarros; los cuales, según el perjudicado, son los mismos que le fueron sustraídos. Por consiguiente, no existe el error alegado.

[2] El segundo motivo se funda en que la corte inferior cométió error al permitir prueba de la reincidencia del acusado sin haberse probado su culpabilidad fuera de duda razonable.

Cuando la prueba de reincidencia fué presentada existía además de las declaraciones antes mencionadas la que prestó el policía José Gerena, según la cual el acusado le dijo voluntariamente ante el jefe de distrito que él había sustraído los cigarros y que vendió 200 a Morales. Esa prueba circunstancial era bastante prima facie para considerar probada la culpabilidad del acusado, por lo que después de ella era admisible la prueba de su reincidencia en ese delito.

■ En el último motivo se dice que la corte inferior cometió grave y manifiesto error al considerar el alcance de la prueba practicada apreciándola con pasión, prejuicio y parcialidad.

No existe ningún hecho en los autos, ni se alega, que demuestre que la corte actuó con pasión, prejuicio y parcialidad, por lo que la cuestión a decidir es si cometió un manifiesto error en su apreciación de la prueba.

Después de practicada la prueba del fiscal a que nos hemos referido presentó la suya la defensa del acusado, quien declaró que vendió a Manuel Morales los 200 cigarros que fueron ocupados, los cuales él fabricó, pues es tabaquero; que acostumbra vender cigarros sin los sellos de rentas internas, y que no dijo al policía Gerena que los había sustraído. Un testigo que presentó declaró que no ha visto al acusado que haga cigarros pero sí que los vende; y otros dos manifestaron que han visto al acusado hacer cigarros. Al jefe de la policía del distrito dijo que ante él y el policía Gerena manifestó el acusado que había vendido los 200 cigarros ocupados pero no que él los había sustraído, aunque en las repreguntas del fiscal manifestó que no recordaba si el acusado había dicho o no que había sustraído esos cigarros.

No creemos que la corte inferior cometiera manifiesto error en la apreciación de toda la prueba pues, aun prescindiendo

de lo declarado por el policía Gerena, solamente resulta una contradicción entre la del fiscal y la del acusado respecto a si los cigarros comprados por Morales fueron fabricados por López o por el acusado; conflicto que resolvió el tribunal en contra del acusado, y como la restante prueba del acusado no destruye la del fiscal, no podemos declarar que existe el motivo de error que resolvemos.

*La sentencia apelada debe ser confirmada.*